# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| In re: MICHAEL BONDS | Case No. 11-28458-JES |
| Debtor. | (Chapter 7) |

## UNITED STATES TRUSTEE'S MOTION TO DISMISS PURSUANT TO 11 U.S.C. § 707(b)(1) BASED ON 11 U.S.C. §§ 707(b)(2) and (3)

NOW COMES United States Trustee Patrick S. Layng, by Attorney Michelle S. Y. Cramer, who hereby moves to dismiss this case under 11 U.S.C. § 707(b)(1) based on the presumption of abuse and abuse under 11 U.S.C. §§ 707(b)(2) and (3). In support of this motion, the United States Trustee states:

### I. SUMMARY OF THE MOTION

1. Michael Bonds commenced this case by filing a voluntary petition under Chapter 7 of the Bankruptcy Code on May 25, 2011.

2. Mr. Bonds listed Kathy Bonds as a non-filing spouse with the same address as Mr. Bonds. *See* Docket Entry #1.

3. Mr. Bonds indicated the presumption of abuse did not arise on the amended Means Test. *See* Docket Entry #5.

4. Because of a number of miscalculations on the amended Means Test, the United States Trustee determined the presumption of abuse did arise and filed a notice of presumed abuse under 11 U.S.C. § 707(b)(2). *See* Docket Entry #6.

Attorney Michelle S. Y. Cramer
Office of the United States Trustee
517 E. Wisconsin Avenue, Suite 430
Milwaukee, WI 53202
(414) 297-4499  Fax (414) 297-4478

5. On July 27, 2011, a copy of the revised Means Test was sent to counsel with an explanation of the changes. *See* Exhibit 1. In addition, the United States Trustee requested additional information based on the bankruptcy schedules. To date no documents or answers have been provided.

6. No rebuttal of the presumption of abuse establishing special circumstances has been filed.

7. On the amended Means Test, line 2.b., Mr. Bonds checked the box "Married, not filing jointly, with declaration of separate households."

8. Recent newspaper articles call into question Mr. Bonds' election on the amended Means Test. *See* Exhibit 2. No response regarding Mr. and Mrs. Bonds' living situation has been provided.

9. Under 11 U.S.C. § 707(b)(3), there are two bases for dismissal; (A) if the petition is filed in bad faith; or (B) the totality of the circumstances. In this case, both conditions are present.

10. Mr. Bonds noted in his bankruptcy schedules he was either legally separated or living apart from his wife. However, his comments to newspaper reporters indicate he is, and has been, living with his wife. The United States Trustee requested, but has not been provided with information concerning a legal separation.

11. It is bad faith to claim separate households if, in fact, Mr. Bonds is living with his wife.

12. If Mr. and Mrs. Bonds live together and are not living apart, a non-filing spouse's income is included in the household income calculations on the amended Means Test and Schedule I.

13. The United States asserts the case was filed in bad faith under 11 U.S.C. § 707(b)(3)(A) because Mr. and Mrs. Bonds reside in the same household but the bankruptcy schedules disclose they are separated. Mrs. Bonds' income should be included as a non-filing spouse.

14. In addition, under the totality of the circumstances of 11 U.S.C. § 707(b)(3)(B), a review of Mr. Bond's Schedule I income and Schedule J expenses demonstrates there is sufficient monthly income available to repay creditors.

15. Mr. Bond has a stable source of income and earns a gross monthly income of $8,000, or $96,000 annually.

16. Based on Schedule I, it appears Mr. Bonds may over withhold taxes; he also deducts $400 for a 401(k) retirement contribution. Additionally, Mr. Bonds notes monthly expenses for an unsecured student loan ($300), a second car payment ($200), and an IRS payment ($600).

17. As noted above additional documentation was requested but has not yet been provided. Based on the requested documentation, the United States Trustee may amend its motion to dismiss.

18. Considering the expenses mentioned above appear either inflated or objectionable, there are funds available to repay creditors.

19. Additionally, if Mrs. Bonds' income is included there would arguably be excess income.

20. Therefore, Mr. Bonds' petition for relief should be dismissed pursuant to 11 U.S.C. § 707(b)(1) because a discharge under Chapter 7 would be an abuse of the provisions under an 11 U.S.C. §§ 707(b)(2) and (3) analysis.

## II. JURISDICTION AND PROCEDURAL HISTORY

21. The Court has jurisdiction in this matter under 28 U.S.C. § 1334(a) and (b), 28 U.S.C. § 157(a) and (b)(1), and 28 U.S.C. § 151. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (B).

22. The United States Trustee has standing to file a motion under 11 U.S.C. § 707(b) if it finds that the granting of relief would be an abuse of the provisions of this chapter.

### The United States Trustee Timely Filed All Documents Required by 11 U.S.C. § 704(b)

23. Section 704(b)(1)(a) requires the United States Trustee to review all materials filed by the Debtors and, not later than 10 days after the date of the first meeting of creditors, file with the court a statement as to whether the Debtor's case would be presumed to be an abuse under 11 U.S.C. § 707(b).

24. The initial § 341 meeting of creditors was scheduled for July 5, 2011, and the United States Trustee filed its Statement of Presumed Abuse (the "10-day statement") on July 8, 2011.

25. This motion is filed within 30 days of the filing of the 10-day statement and is timely under 11 U.S.C. § 704(b)(2) and Rule 9006(a), Fed R. Bankr. P. (as applicable).

## III. LAW AND ARGUMENT

### Statutory Definition of Presumption of Abuse

26. Section 707(b)(1) provides that the court may dismiss a case filed by an individual whose debts are primarily consumer debts if it finds that granting relief would be an abuse of the provisions of Chapter 7.

4

27. At the time of this filing, 11 U.S.C. § 707(b)(2)(A)(i) required the court to presume that a Chapter 7 filing is abusive when the current monthly income (CMI), reduced by amounts determined under § 707(b)(2)(A) (ii), (iii), and (iv), and multiplied by 60, is not less than the lesser of – (I) 25 percent of the nonpriority unsecured claims in the case, or $7,025, whichever is greater; or (II) $11,725.

28. Therefore, if the monthly net income is $195.42 or more (at least $11,725 to fund a 60-month plan), the filing is presumed abusive.

### Requirements to Establish Special Circumstances

29. If the presumption of abuse arises, debtors may rebut it only by demonstrating special circumstances, such as a serious medical condition or a call or an order to active duty in the Armed Forces, and only to the extent such special circumstances justify additional expenses or adjustments to CMI for which there is no reasonable alternative. 11 U.S.C. § 707(b)(2)(B)(i).

30. Debtors must provide a detailed explanation of the special circumstances, itemize and document each additional expense or adjustment of income, and attest under oath to the accuracy of the information provided. 11 U.S.C. §§ 707(b)(2)(B)(ii) and (iii).

31. In the event debtors can establish special circumstances of the kind described in 11 U.S.C. §707(b)(2)(B)(i), they can rebut the presumption of abuse only if they can demonstrate that the additional expenses or adjustments to income cause the product of their reduced monthly net income, when multiplied by 60, to be the lesser

of–a) 25 percent of the nonpriority unsecured claims in the case, or $7,025, whichever is greater; or b) $11,725. 11 U.S.C. § 707(b)(2)(B)(iv)(I) and (II).

32. The burden to show the case is not presumptively abusive lies with Mr. Bonds. To date, he has not come forward with special circumstances to rebut the presumption, and therefore the case is an abuse under 11 U.S.C. § 707(b)(2) and subject to dismissal.

## Changes to the Means Test

33. Mr. Bonds checked the box which states he is married but filing separately. The instructions states that "By checking this box, debtor declares under penalty of perjury: 'My spouse and I are legally separated under applicable non-bankruptcy law or my spouse and I are living apart other than for purpose of evading the requirements of § 707(b)(2(A) of the Bankruptcy Code.'" *See* Docket Entry #5.

34. Mr. Bonds also testified at the § 341 meeting on July 5, 2011, that he and his wife have been legally separated since October 2006.

35. Mr. Bonds lists a household of "1" and a gross monthly income of $8,755 on the amended Means Test, which when annualized is $105,060 a year. The average median income for a similar household is $41,150.

36. The United States Trustee recalculated Mr. Bonds' Means Test according to the form's instructions and the information contained in his bankruptcy schedules. The recalculated Means Test is Exhibit 1.

37. Line 20B of Mr. Bonds' amended Means Test was not completed. Based on Mr. Bonds' testimony at the § 341 meeting of creditors, he stated his wife pays half of

the first mortgage ($700). Therefore, the United States Trustee used the one-half of the payment for the first mortgage ($700) and the entire second mortgage ($526) payment to fill out line 20B of Exhibit 1.

38. On line 22A, Mr. Bonds marked ownership costs for two vehicles. But since Mr. Bonds states he is a single filer the United States Trustee allowed him the transportation expense for one vehicle on line 22A.

39. Line 23 should be the total amount of the secured loan divided by 60 months. Mr. Bonds did not properly calculate the amount. The United States Trustee used the correct amount.

40. Because Mr. Bonds is not entitled to two vehicles as a single filer, line 24 was left blank on the United States Trustee's Means Test. However, since Mr. Bonds is obligated for the secured loan, the United States Trustee deducted the secured amount of the loan (divided by 60 months) on line 42.

41. The United States Trustee did not adjust the tax withholding on line 25 because it does not have the 2010 tax returns or recent pay statements to verify the deduction. However, it appears the deduction is too high and once the requested documents are received it may be adjusted.

42. There is no evidence of a $350 involuntary deduction on line 26. Mr. Bonds notes union dues of $153 on Schedule J, which is the amount used by the United States Trustee. Once the United States Trustee has Mr. Bonds' pay statements it can verify his involuntary deductions.

43. The amount of life insurance listed on Schedule J is $180, which is the amount used on Exhibit 1.

44. Line 29, *educational expenses for employment or for a physically or mentally challenged child*, was eliminated because there is no evidence to justify this deduction.

45. The health care deduction on line 31 was reduced to $90 because Mr. Bonds notes health care costs of $150 on Schedule J. Since line 19B already allots $60 a month in health care costs, an additional amount of $90 was noted on line 31.

46. The telecommunication expense of $275 on line 32 was lowered to $60 because as noted in the instructions, only specific deductions are allowed. In particular, internet expenses are included. The United States Trustee noted Mr. Bonds claimed $120 in internet and cable expenses; it divided that amount in half and listed $60 in internet expenses on line 32.

47. Line 34.a. was blank, but Mr. Bonds lists $100 of health insurance costs on Schedule I. That amount is included on Exhibit 1.

48. Line 35, *continued contributions to the care of household or family members*, was reduced to $250 because that is the amount listed on Schedule J.

49. Line 40, *continued charitable deductions*, was reduced to $180 because that is the amount listed on Schedule J.

50. After all the changes were made to the Means Test, Mr. Bonds has a monthly disposable income of $1,663.01 on line 50 of the form after paying reasonable and necessary expenses. Over a 60-month period, Mr. Bonds would have $99,780.60;

his unsecured debt is listed as $82,875. Mr. Bonds' case should be dismissed under 11 U.S.C. § 707(b)(2) because the presumption of abuse arises and has not been rebutted.

### Totality of the Circumstances Under 11 U.S.C. § 707(b)(3)(B)

51. In considering whether the granting of relief would be an abuse in a case in which the presumption of abuse does not arise or is rebutted, the court shall consider whether the debtor filed the petition in bad faith, or the totality of the circumstances of the debtor's financial situation demonstrates abuse. 11 U.S.C. § 707(b)(3)(A) and (B).

*Bad Faith Filing*

52. The United States Trustee requested bank statements, pay statements, tax returns, information regarding Mr. Bonds' living situation with Mrs. Bonds, and the status of the 23-year-old dependent son. None of the information has been received.

53. Mr. Bonds lists a 23-year-old dependent son on Schedule I and presumably, based on the amounts listed, included his expenses on Schedule J. But again, in a newspaper article Mr. Bonds states both his children are out of the house and he no longer claims them on his taxes.

54. Mr. Bonds filed his bankruptcy as "married but filing separately." All indications in the schedules are that Mr. and Mrs. Bonds are living separately.

55. Mr. Bonds testified at the § 341 meeting of creditors that he and Mrs. Bonds were legally separated in October 2006.

56. However, in recent newspaper articles Mr. Bonds states he and his wife have been living together and the decrease in their combined income caused his bankruptcy filing.

57. Even though they are living together, Mrs. Bonds' income is not disclosed in the bankruptcy schedules. Yet, Mr. Bonds deducted the full amount of mutual expenses, such as, the first and second mortgage expenses, utilities, household maintenance, and the IRS tax obligation.

58. At the § 341 meeting of creditors, Mr. Bonds stated Mrs. Bonds pays for half of the first mortgage payment ($700). He stated he needed to amend the amount listed on Schedule J–it was never amended.

59. It is bad faith on Mr. Bonds' behalf to file a bankruptcy petition which expressly represents he and Mrs. Bonds maintain separate households, when in fact he and Mrs. Bonds live together and co-mingle income and expenses. As a non-filing spouse her income should be included on the Means Test and Schedule J.

*Totality of the Circumstances*

60. Notwithstanding the bad faith argument, the totality of the circumstances indicate the case should be dismissed for abuse.

61. Mr. Bonds listed his future gross monthly income as $8,000; which is a decrease of $755 a month in income from the six months prior to filing (as listed on the Means Test). This decrease has not been verified.

62. Further, as noted above, Mrs. Bonds' income should be disclosed on the bankruptcy schedules.

63. Also, there are additional deductions that are objectionable or may be inflated:

   a. Mr. Bonds' tax withholding appears overstated. However, the pay statements and 2010 tax returns have not been provided to verify the actual amount that should be withheld;

   b. The case law and this court have held that retirement deduction are not appropriate deductions in Chapter 7. The 401(k) deduction of $400 should be added back into Mr. Bonds' income;

   c. The first mortgage payment should be reduced to $700;

   d. Student loans are unsecured debt, although non-dischargeable, and should not be included as an expense in the analysis of the totality of circumstances;

   e. Because Mr. Bonds claimed a household of one, a second vehicle is not reasonable or necessary and the expense should be excluded (as a household of two, he would be entitled to an additional vehicle deduction);

   f. The United States Trustee asked for verification of the IRS payment plan. Based on the IRS's judgment lien, the total amount of the lien is $4,665 and not $10,000 as noted on Schedule E. No response regarding the payment plan and the current balance of the IRS lien has been received.

64. Without the requested documents the United States Trustee cannot verify the income, payroll deductions or expenses. However, based on Mr. Bonds' income and circumstances, the United States Trustee believes Mr. Bonds has the ability to repay creditors under the totality of the circumstances.

65. The foregoing allegations demonstrate Mr. Bonds' bankruptcy filing is an abuse of the bankruptcy system under both 11 U.S.C. § 707(b)(3)(A) and (B).

**This Case Should Be Dismissed Pursuant to 11 U.S.C. § 707(b)(1)**

WHEREFORE, the United States Trustee prays that the Court enter an order dismissing this case pursuant to 11 U.S.C. § 707(b)(1) and granting such other and further relief as the Court deems just and equitable.

DATED: August 8, 2011.

                Respectfully submitted,

                PATRICK S. LAYNG
                United States Trustee

                /s/
                MICHELLE S. Y. CRAMER
                Attorney for the United States Trustee